**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2248-24

THE CANNABIS PLACE
420 CORP.,

      Plaintiff-Appellant,

v.

PLANNING BOARD OF THE
CITY OF JERSEY CITY and
KUSHMART JERSEY, LLC,

      Defendants-Respondents.

_____

THE CANNABIS PLACE
420 CORP.,

      Plaintiff-Appellant,

v.

THE CITY OF JERSEY CITY
and KUSHMART JERSEY, LLC,

      Defendants-Respondents.

_____

Submitted February 25, 2026 – Decided March 18, 2026

Before Judges Smith and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket Nos. L-1175-23 and L-4093-23.

Aloia Law Firm LLC, attorneys for appellant (Brian J. Aloia, of counsel and on the briefs).

Santo T. Alampi, LLC, attorney for respondent Planning Board of the City of Jersey City (Santo T. Alampi, on the brief).

Sills Cummis & Gross, PC, attorneys for respondent Kushmart Jersey, LLC (Frank J. Vitolo, on the brief).

Brittany M. Murray, Acting Corporation Counsel, City of Jersey City, attorney for respondent City of Jersey City, joins in the brief of respondent Planning Board of City of Jersey City.

PER CURIAM

The Cannabis Place 420 Corp. (plaintiff) appeals the trial court's February 14, 2025 order denying relief sought in its complaints in lieu of prerogative writs filed against the Jersey City Planning Board, the City of Jersey City, and Kushmart Jersey LLC, a cannabis retailer (Kushmart). The two complaints, subsequently consolidated, sought to set aside: (1) the planning board's March 21, 2023 approval of Kushmart as a conditional use; and (2) the City Council's October 25, 2023 resolution of local support in favor of Kushmart.

Plaintiff alleged the approvals violated the City's zoning ordinance, which defined cannabis retailers as permitted conditional uses. One of the conditions required cannabis retailers to be separated by 600 feet. Plaintiff and Kushmart are separated by approximately 300 feet.

We dismiss the appeal as moot because Jersey City has since amended its zoning ordinance to eliminate the 600-foot rule. Pursuant to the new ordinance, cannabis retailers are now permitted principal uses, not permitted conditional uses. A favorable judgment would have no effect, because the 600-foot rule no longer prevents Kushmart from opening its proposed location.

I.

On April 6, 2023, plaintiff filed an amended complaint in lieu of prerogative writs against the Jersey City Planning Board and Kushmart. The complaint challenged the planning board's March 21, 2023 grant of conditional use approval to Kushmart. On November 20, 2023, plaintiff filed a second complaint in lieu of prerogative writs against the City of Jersey City and Kushmart. The second complaint challenged the City Council's October 25, 2023 resolution of local support in favor of Kushmart. The trial court consolidated the two complaints on December 15, 2023.

A-2248-24

On February 14, 2025, the court heard argument and denied the relief sought in both complaints.

II.

The Cannabis Regulatory, Enforcement Assistance, and Marketplace Modernization Act (CREAMMA), N.J.S.A. 24:6I-31 to -56, establishes a State licensing protocol for cannabis businesses. CREAMMA also empowers municipalities to enact ordinances regulating cannabis establishments. See N.J.S.A. 24:6I-45(a)(1). Pursuant to this authority, the City enacted Ordinance 21-053 (the Ordinance) on August 18, 2021. The Ordinance establishes two prerequisites for the opening of a Class 5[1] cannabis retail establishment: (1) approval from the planning board as a permitted conditional use; and (2) issuance of a cannabis license by the City.

The Ordinance defines Class 5 cannabis retailers as a permitted conditional use subject to approval by the planning board. A conditional use is "a use permitted in a particular zoning district only upon a showing that such use in a specified location will comply with the conditions and standards for the location or operation of such use as contained in the zoning ordinance, and upon

---

[1] CREAMMA regulates several kinds of cannabis businesses (cultivator, manufacturer, distributor, etc.), each of which is designated as a class. "Class 5" refers to cannabis retailers. See N.J.S.A. 24:6I-42.

4                                                                A-2248-24

the issuance of an authorization therefor by the planning board." N.J.S.A. 40:55D-3. One of the conditions is that "[t]he main entry door of any Cannabis Establishment subject to a Class 5 license . . . shall be separated from one another by a distance of at least six hundred (600) feet." As part of the application process, the Ordinance requires the applicant to provide a map of nearby cannabis establishments. The Ordinance also provides that "[a] list of cannabis establishments shall be made available by the State [Cannabis Regulatory] Commission or City of Jersey City Division of City Planning" but does not specify when an establishment should be added to this list.

Because the Ordinance was silent as to when a cannabis retailer was first established for purposes of the 600-foot rule, the planning board was faced an interpretative problem when it began to receive concurrent applications for potential businesses within 600 feet of each other. The planning board announced its solution to this problem at a March 28, 2022 meeting: a retail cannabis establishment would be added to the map and trigger the 600-foot rule when it "pulls [construction] permits after first getting all local and state approvals and resolutions." In sum, this would mean that, to be added to the map, the business must have: (1) received planning board approval; (2) received

a license from the City's Cannabis Control Board; (3) received a State license; and (4) been granted building permits from the City.

Aside from compliance with zoning regulations, the Ordinance also requires an applicant to obtain a license from the City. To this end, the Ordinance created a licensing body, the Cannabis Control Board, which is tasked with "review[ing] all applications to ensure compliance with local rules and regulations governing the operation of cannabis establishments and cannabis distributor[s] and, when the Board deems appropriate, to provide local support of the application in the form of a board resolution."

Even if a cannabis business receives the necessary municipal approvals, a cannabis business may not begin operations until it is licensed by the State Cannabis Regulatory Commission. Municipal approval is a prerequisite for the issuance of a State License.[2]  See N.J.A.C. 17:30-7.8(a)(3) to (4); N.J.A.C. 17:30-7.10(b)(7) to (8).

---

[2]  Municipal approval is not a prerequisite for a conditional license, "which is issued pursuant to an abbreviated application process, after which the conditional license holder shall have a limited period of time in which to become fully licensed by satisfying all of the remaining conditions for licensure which were not required for the issuance of the conditional license." N.J.S.A. 24:6I-33. During the conditional license phase the licensee may not "engage in purchasing, possessing, selling, cultivating, manufacturing, or selling cannabis or cannabis products." N.J.A.C. 17:30-7.6(e)

<u>Plaintiff's Application Timeline</u>

On April 27, 2022, plaintiff applied to the planning board for conditional use approval and to the Cannabis Control Board for a city-issued license. On May 24, 2022, after a public hearing, the planning board approved the application, which was memorialized on July 12, 2022. On July 11, 2022, the Cannabis Control Board approved plaintiff's application. On September 8, 2022, the City Council adopted a resolution of local support endorsing plaintiff's application. The New Jersey Cannabis Regulatory Commission issued a conditional license to plaintiff on October 28, 2022. On January 20, 2023, the building department granted construction permits to plaintiff.

<u>Kushmart's Application Timeline</u>

Kushmart applied to the Cannabis Control Board on May 17, 2022, and the application was approved on July 11, 2022. On July 25, 2022, Kushmart submitted a conditional use application to the planning board, but it did not pay the filing fee until September 9. The planning board held hearings on February 7 and February 21, 2023. It granted the conditional use application, which was memorialized on March 21, 2023. On October 25, 2023, the City Council adopted a resolution of support in favor of Kushmart.

A-2248-24

## Subsequent Repeal of the 600-Foot Rule

On April 23, 2025, Jersey City enacted Ordinance 23-078, which substantially amended the zoning regulations for cannabis establishments. Ordinance 23-078 eliminated both the 600-foot rule and the classification of cannabis retailers as permitted conditional uses. Instead, Ordinance 23-078 states that Class 5 Cannabis retailers are "permitted principal uses" in several enumerated zones and "in any district, zone, overlay, or subdistrict of a Redevelopment Plan where retail sales of goods and services is a permitted principal use."

## III.

We review municipal board decisions under "the same standard as the trial court." Cohen v. Bd. of Adj., 396 N.J. Super. 608, 614-15 (App. Div. 2007). This requires deference unless the board acted in an arbitrary, capricious, or unreasonable manner. Price v. Himeji, LLC, 214 N.J. 263, 284 (2013). "[B]ecause of their peculiar knowledge of local conditions[, zoning boards] must be allowed wide latitude in the exercise of delegated discretion." Ibid. (quoting Kramer v. Bd. of Adj., 45 N.J. 268, 296 (1965)). "A board acts arbitrarily, capriciously, or unreasonably if its findings of fact . . . are not supported by the record, or if it usurps power reserved to the municipal governing body or another

A-2248-24

duly authorized municipal official." Ten Stary Dom P'ship v. Mauro, 216 N.J. 16, 33 (2013) (citations omitted). However, we review questions of law, including the interpretation of an ordinance, de novo. Dunbar Homes, Inc. v. Zoning Bd. of Adj., 233 N.J. 546, 559 (2018).

"An issue is considered moot if the ruling sought will 'have no practical effect on the existing controversy' when a decision is rendered." Malanga v. Twp. of W. Orange, 253 N.J. 291, 307 (2023) (quoting Redd v. Bowman, 223 N.J. 87, 104 (2015)). However, "if an issue raised is a matter of great public interest, our courts will often decline to dismiss an appeal because it is moot." Ibid.

The appeal is moot because the zoning Ordinance has since been amended to eliminate the 600-foot buffer rule. The amended Ordinance now permits Kushmart to open its business within 600 feet of plaintiff. A decision in plaintiff's favor invalidating Kushmart's conditional use approval and the City Council's resolution of support would have no "practical effect." See ibid. Pursuant to the amended Ordinance, Kushmart is now a permitted principal use, and the 600-foot rule is no longer an obstacle. Kushmart may expeditiously seek the same approvals the complaints in lieu of prerogative writs sought to set aside. See Jai Sai Ram, LLC v. Plan./Zoning Bd. of Borough of S. Toms River,

446 N.J. Super. 338, 345 (App. Div. 2016) (holding challenge to variance is moot when ordinance is subsequently amended to permit the challenged use); Mazza v. Bd. of Adj., 47 N.J. 161, 162 (1966) (per curiam) (dismissing as moot a challenge to the grant of a variance when ordinance was subsequently amended to permit the use).

Moreover, the Time of Application rule (TOA), N.J.S.A. 40:55D-10.5, does not affect our conclusion with respect to mootness because TOA, which locks in the governing municipal regulations at the time an application is filed, does not apply when an ordinance is amended to permit the challenged use. Jai Sai Ram, 446 N.J. Super. at 345. The TOA applies only to matters where the applicant is rejected because of a change in law after the application is submitted. See Hoboken for Responsible Cannabis, Inc. v. City of Hoboken Plan. Bd., 480 N.J. Super. 357, 378 (App. Div. 2024) (applying TOA rule to cannabis applicant to prevent the operation of buffer requirement adopted after the applicant submitted its application).

Dismissed as moot.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2248-24